UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALFRED GANEO,

                              Plaintiff,          **ACTION UNDER 29 U.S.C.§ 216(b)**

  -v.-                                                **COMPLAINT**

VAN VLIET & TRAP LLC,
CAS TRAP and REMCO VANVLIET,
individually,

                              Defendants
---------------------------------------------------------X

      Plaintiff ALFRED GANEO, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants VAN VLIET & TRAP LLC, CAS TRAP and REMCO VANVLIET, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

      1. This Complaint seeks to recover, inter alia, unpaid overtime wage compensation for Plaintiff, a former employee of Defendants VAN VLIET & TRAP LLC, a New York Corporation with offices at 158 W 28th St, New York, NY 10001, and its principal, Defendants CAS TRAP and REMCO VANVLIET, where Plaintiff was employed primarily as a driver, where he drove a truck in which he transported various equipment for events, and also helped to assemble and disassemble them.

      2.  At all times relevant hereto, Defendants were required, under relevant New

York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

3. However, despite such mandatory pay obligations, Defendants only compensated Plaintiff at a rate of $25 and $35 per hour and failed to pay Plaintiff his lawful overtime pay for that period from September 2015 until November 16, 2023, where he worked well in excess of forty (40) hours per workweek.

4. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the overtime compensation required by federal and state law and regulations.

5. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

6. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

7. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

8. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c) because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

13. Plaintiff ALFRED GANEO ("GANEO") is and was at all times relevant hereto an individual residing in the City and State of New York.

14. Plaintiff GANEO was employed by VAN VLIET & TRAP LLC, a New York Corporation, at its offices at 158 W 28th St, New York, NY 10001, from approximately September 2015 until November 16, 2023, where his primary work duty was as a driver, he drove a truck in which he transported various event equipment, and also helped to assemble and disassemble. The relevant time period is December 2018 until November 16, 2023.

15. At all times relevant hereto, Plaintiff GANEO was a covered employee within the meaning of the FLSA and the NYLL.

16. Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

17. Defendant VAN VLIET & TRAP LLC is, upon information and belief, a duly organized New York Corporation with offices at 158 W 28th St, New York, NY 10001.

18. Upon information and belief, Defendant VAN VLIET & TRAP LLC is engaged in interstate commerce, in that they rely heavily on products that have been transported across state lines and generate annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2023, and were directly engaged in interstate commerce.

19. Upon information and belief, Defendants CAS TRAP and REMCO VANVLIET are the President, Chief Executive Officer, manager, principal, or agent of Defendant VAN VLIET & TRAP LLC.

20. Upon information and belief, and at all times relevant to the claims herein, Defendants CAS TRAP and REMCO VANVLIET possessed operational control over Defendant VAN VLIET & TRAP LLC by reason of their ownership interest and control of significant functions of Defendant Corporations that Defendants CAS TRAP and REMCO VANVLIET: (i) were known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant VAN VLIET & TRAP LLC; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees work schedules and workload; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

21. Defendants CAS TRAP and REMCO VANVLIET acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## **COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

22. Defendant owned and operated VAN VLIET & TRAP LLC, a corporate entity principally engaged in New York. At all relevant times, Defendants VAN VLIET & TRAP LLC, CAS TRAP, and REMCO VANVLIET possessed operational control over the Defendant Corporations, possessed an ownership interest in the Defendant Corporations, and/or controlled significant functions of Defendant Corporations.

23. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff ALFRED GANEO and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

   b. failing to provide statutorily required wage and hour records or statements of pay received, partly to hide Defendants' violations of the wage and hour laws and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff ALFRED GANEO and the other class members.

25. Defendant VAN VLIET & TRAP LLC, under the direct supervision and authority of Defendants CAS TRAP and REMCO VANVLIET, acted in the interest of the

Defendants with respect to its employees, the rate of and method of employee compensation was paid and shared joint control over their employees.

26. At relevant times, Defendants VAN VLIET & TRAP LLC, CAS TRAP, and REMCO VANVLIET possessed substantial control over the Plaintiffs' and other similarly situated employees' working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff and all similarly situated individuals, referred to herein.

27. Defendants VAN VLIET & TRAP LLC, CAS TRAP, and REMCO VANVLIET jointly employed Plaintiff and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

28. Defendants VAN VLIET & TRAP LLC, CAS TRAP, and REMCO VANVLIET constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

29. At all times relevant hereto, Defendants VAN VLIET & TRAP LLC, CAS TRAP, and REMCO VANVLIET were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

**Plaintiff ALFRED GANEO**

30. Plaintiff worked from approximately September 2015 until November 16, 2023. Defendants employed plaintiff GANEO at their 158 W 28th St, New York, NY 10001 facility, where Plaintiff GANEO's work duties included doing a variety of activities

as a driver; he drove a truck in which he transported various event equipment and also helped to assemble and disassemble them.

31. Plaintiff GANEO didn't have a work schedule; he had events that he had to attend every day but did not have a scheduled time, and he worked approximately seventy (70) hours a week. Plaintiff started earning $25 an hour with overtime paid until November 2019.. Later on, Defendants increased his salary to $35 an hour, all payments were made by check. The defendants stopped paying the Plaintiff overtime in 2019.

32. From November 15, 2019, until December 31, 2020, Plaintiff was paid $25 per hour, the underpayment per week was $437.50, and the total underpayment of that period of time was $3,062. From January 1, 2020, until March 1, 2020, Plaintiff was paid $25 per hour, the underpayment per week was $437.50, and the total underpayment of that period of time was $3,937. From March 2, 2020, until December 31, 2020, Plaintiff was paid $35 per hour, the underpayment per week was $612.50, and the total underpayment for that period of time was $26,337. From January 1, 2021, until December 31, 2021, Plaintiff was paid $35 per hour, the underpayment per week was $612.50, and the total underpayment for that period of time was $31,850. From January 1, 2022, until December 31, 2022, Plaintiff was paid $35 per hour, the underpayment per week was $612.50, and the total underpayment for that period of time was $31,850. From January 1, 2023, until November 16, 2023, Plaintiff was paid $35 per hour, the underpayment per week was $612.50, and the total underpayment for that period of time was $28,175. The total amount of unpaid wages is approximately $125,212.

33. Plaintiff GANEO did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover,

once scheduled for a shift, Plaintiff GANEO did not come and go at his pleasure but rather was controlled by Defendants.

34. Plaintiff GANEO was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive," or even "administrative" and did not require discretion nor independent judgment. Plaintiff GANEO's work is properly characterized as menial physical labor.

35. Plaintiff GANEO regularly handled goods in interstate commerce and other items produced outside of the State of New York.

36. Plaintiff worked without appropriate overtime wages from the beginning and until the end of his employment with Defendants.

37. No notification, either in the form of posted notices or other means, was ever given to Plaintiff GANEO regarding wages as required under the FLSA and NYLL.

38. Defendants did not provide Plaintiff GANEO with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

39. Defendants never provided Plaintiff GANEO with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

## Defendants' General Employment Practices

40. As part of their regular business practices, Defendants required Plaintiff ALFRED GANEO to work without paying Plaintiff the proper overtime wages as required by federal and state laws.

41. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

42. Defendants failed to post the statutorily required wage and hour posters and

did not provide Plaintiff ALFRED GANEO with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

43. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked and to avoid paying Plaintiff properly for (i) his full hours worked and (ii)overtime wages.

44. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates.

45. Throughout the relevant time period, Defendants paid Plaintiff ALFRED GANEO wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

46. Defendants failed to provide Plaintiff ALFRED GANEO with accurate accompanying wage statements at the time of payment of wages, containing the dates of work covered by that payment of wages, the name of the employee, the name of the employer, address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

### FIRST CAUSE OF ACTION
### (Violation of FLSA Overtime Wage)

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

49. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such, constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

50. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

51. Defendants' failure to pay Plaintiff the applicable overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

52. Defendants acted willfully in their violations of the FLSA's requirements.

53. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems and proper. Damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**(Unpaid Overtime Wages Under New York Labor Law)**

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56. Defendants' failure to pay Plaintiff overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

57. Due to Defendants' willful violations of the NYLL, Plaintiff ALFRED GANEO is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

60. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and any overtime

hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

63. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ALFRED GANEO respectfully requests that this Court enter judgment against Defendants VAN VLIET & TRAP LLC, CAS TRAP and REMCO VANVLIET as follows:

a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages

under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e. Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f. Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

g. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

h. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

i. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

j. All such other and further relief as the Court deems just and proper.

k. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of his respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

l. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

m. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

      n.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

      o.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
December 20, 2023

LINA STILLMAN, ESQ.

   /s/ Lina Stillman
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com